Peter S. Sloane
Cameron S. Reuber
Victoria T. Polidoro
LEASON ELLIS LLP
One Barker Avenue, 5th Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax:  (914) 288-0023

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW YORK STATE CATHOLIC HEALTH PLAN, INC., d/b/a FIDELIS CARE NEW YORK, *a New York not-for-profit corporation,*<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, *a Florida corporation,* INTERNATIONAL MARKETING ASSOCIATION, INC., *a Virginia corporation*, and LIFE PROTECT 24/7, INC., *a Virginia corporation,*<br><br>Defendants. | Civil Action No.<br><br>ECF Case<br><br>Jury Demanded |

## COMPLAINT

Plaintiff New York State Catholic Health Plan, Inc., d/b/a Fidelis Care New York ("Fidelis" or "Plaintiff"), a New York not-for-profit corporation, by and through its attorneys Leason Ellis LLP, as and for its Complaint against Defendants Consolidated World Travel, Inc. d/b/a Holiday Cruise Line ("CWT"), International Marketing Association, Inc. ("IMA"), and Life Protect 24/7, Inc. ("Life Protect") (collectively referred to as the "Defendants"), hereby alleges as follows:

## THE PARTIES

1.      Plaintiff Fidelis is a New York not-for-profit corporation with its corporate headquarters located at 95-25 Queens Boulevard, Rego Park, New York 11374.  Plaintiff is a tax-exempt, charitable organization under Section 501(c)(3) of the Internal Revenue Code.

2.      Upon information and belief, Defendant CWT is a Florida corporation with a principal place of business at 2121 West Oakland Park Boulevard, Suite 1, Fort Lauderdale, Florida 33311.

3.      Upon information and belief, Defendant IMA is a Virginia corporation with its principal place of business located at 3509 Virginia Beach Boulevard, Virginia Beach, Virginia 23452.

4.      Upon information and belief, Defendant Life Protect is a Virginia Corporation with its principal place of business also located at 3509 Virginia Beach Boulevard, Virginia Beach, Virginia 23452.

## JURISDICTION

5.      This Court has personal jurisdiction over Defendants by reason of their transaction of business in the State of New York and in this District and the commission of tortious acts within the State of New York and in this District pursuant to New York's C.P.L.R. §§ 301 and 302.

6.      The subject matter jurisdiction of this Court over Counts I and II rests upon causes of action arising under the Trademark Act of 1946 (as amended), 15 U.S.C. §§ 1051 et seq.  Therefore, this Court has original jurisdiction over these Counts pursuant to 15 U.S.C. § 1121, and 28 U.S.C § 1338(a).

7.     Counts III through VI are joined as substantial and related claims and, accordingly, subject matter jurisdiction for these Counts is conferred upon this Court pursuant to 28 U.S.C. §1338(b) and the doctrine of pendent jurisdiction.

8.     Defendants are subject to the personal jurisdiction of this Court under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure because Defendants would be subject to the jurisdiction of courts of general jurisdiction in New York.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Activities

10.     Plaintiff is a not-for-profit-corporation organized and existing under the laws of the State of New York.

11.     Since 1993, Plaintiff has provided quality, affordable health coverage to children and adults.

12.     Plaintiff, as a provider of government-sponsored health insurance, is regulated at the County, State and Federal levels.

13.     The mission of Plaintiff is to ensure that every resident, regardless of income, age, religion, gender, or ethnic background, has access to quality health care, provided with dignity and respect.

14.     Plaintiff offers free or low-cost comprehensive health insurance covering, among other things, checkups, prenatal care, preventive care, well-child visits, immunizations, lab tests, x-rays, hospitalization, and emergency treatment.

15.     Plaintiff offers a spectrum of health and wellness programs and services. Through partnerships with providers and local communities, Plaintiff works to foster healthier futures for its members and their families.

16.     From its origin in 1993 as the Catholic Health Services Plan of Brooklyn and Queens, Inc., Plaintiff has grown -- both in the scope of its mission and the services it provides. Today, Plaintiff has over 60,000 physicians and other health care providers in its network.

17.     Plaintiff has over one million members enrolled in its programs, making it the largest government programs-based health plan in the State of New York.

18.     Information about Plaintiff for providers, members, and prospective members is available with a toll-free telephone call to 1-888-FIDELIS. The toll free number has been used since 1997. The average number of leads received at the number amount to over 65,000 calls per year.

19.     Plaintiff maintains an Internet web site at www.fideliscare.org to advertise and promote its services. The 1-888-FIDELIS toll free number is featured on the home page of the www.fideliscare.org website. A printout of the home page of the web site is attached as Exhibit A.

20.     The alphanumeric phone number 1-888-FIDELIS corresponds to the digits 1-888-343-3547. Plaintiff so advises its members and potential members when listing its toll free telephone number. See Exhibit A.

21.     Plaintiff is commonly referred to as simply "Fidelis" in parlance.

22.     Plaintiff has also been referred to as just "Fidelis" in correspondence with third parties and in administrative and judicial filings and decisions.

23.     Plaintiff has used the name and mark FIDELIS alone in advertising since at least the late 1990s.

24.     Plaintiff also uses the name and mark "Fidelis" in connection with other names and marks such as the "Fidelis Medicare Advantage Plan" and the "Fidelis Dual Advantage."

25.     Plaintiff owns U.S. Registration No. 3,775,057 of the mark FIDELIS for administration of health care plans.   The U.S. Patent and Trademark Office issued the registration on April 13, 2010.  A copy of the Certificate of Registration is attached as Exhibit B.

26.     Plaintiff's name and mark FIDELIS is inherently distinctive in connection with Plaintiff's services.

27.     Since long prior to Defendants' complained of activities, Plaintiff has extensively used, advertised, and promoted the name and mark FIDELIS in the United States, particularly in and around the State of New York, in association with its services.

28.     Since well prior to Defendants' complained of activities, Plaintiff has expended significant time and effort in developing its name and mark FIDELIS as a means of identifying the source of its services.

29.     As a result of its significant use, Plaintiff's name and mark FIDELIS has acquired substantial consumer goodwill and represents a valuable asset for Plaintiff.

**Defendants' Activities**

30.     Upon information and belief, Defendant CWT was incorporated in Florida on or about June 13, 2012.

31.     Upon information and belief, Defendant IMA was incorporated in Virginia on or about June 8, 1994.

32.     Upon information and belief, Defendant Life Protect was incorporated in Virginia on or about January 4, 2013.

33.     Upon information and belief, Defendants' sales and marketing tactics involve contacting prospective customers via telephone and using deceptive phrases and offers for

services in order to deliberately mislead consumers into believing that the phone number they are contacting originates with Plaintiff.

34.     Upon information and belief, Defendants have used the phone number 1-800-FIDELIS for the purpose of confusing consumers.  The alphanumeric number 1-800-FIDELIS corresponds to the digits 1-800-343-3547.

35.     Upon information and belief, Defendants have no affiliation with the name "Fidelis" other than having contacted Plaintiff's members and provided them with an alleged incentive if they call Defendants' phone number 1-800-FIDELIS.

36.     Upon information and belief, Defendants have contacted consumers, including Fidelis members, and prompted them to call Defendants' phone number 1-800-FIDELIS with the lure of a free gift card, cruise, medical life alert or other benefit.

37.     Upon information and belief, consumers, upon returning the unsolicited call from Defendants (*i.e.,* by dialing 1-800-FIDELIS), are told they must disclose personal information in order to take advantage of those alleged offers and are then prompted to disclose, *inter alia*, name, age, and credit card information to Defendants' representatives.

38.     Upon information and belief, despite Defendants' "special offers" of free gift cards, cruises, medical life alerts and the like, no tangible benefit is ever bestowed by Defendants upon consumers who disclose their personal information.  Instead, Defendants simply use the tactic to entice consumers to disclose personal information they would not otherwise ordinarily provide.

39.     Upon information and belief, Defendant's sales and marketing tactics involve routinely failing to inform consumers that Plaintiff is not affiliated with the offers and that they

are not actually offering any product, but merely seeking to gather personal information from consumers.

40.     Upon information and belief, Defendants have used aggressive, unfair, and deceptive sales tactics in order to market their services, both in the State of New York, including in this District, as well as several other U.S. states.

41.     Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of Plaintiff's ownership of the name and mark FIDELIS.

42.     Upon information and belief, the Defendants are engaging in unlawful and infringing activities knowingly, willfully, and intentionally or with at least reckless disregard or willful blindness to Plaintiff's earlier rights.

43.     Defendants' misappropriation of Plaintiff's name and mark has resulted in actual consumer confusion.  For example, callers have contacted Plaintiff to inquire as to the offers and solicitation they have received from 1-800-FIDELIS.

44.     The aforesaid activities of Defendants have damaged Plaintiff and are likely to continue to damage Plaintiff unless otherwise restrained.

## COUNT I
*(Federal Trademark Infringement under 15 U.S.C. § 1114)*

45.     Plaintiff repeats and realleges the averments contained in all preceding Paragraphs as if fully set forth herein.

46.     Count I is for federal trademark infringement pursuant to 15 U.S.C. § 1114.

47.     The phone number 1-800-FIDELIS wholly encompasses Plaintiff's previously registered mark FIDELIS and is almost identical to Plaintiff's toll free phone number 1-888-FIDELIS.

48.     The foregoing acts and conduct of Defendants are likely to cause confusion, to cause mistake, and/or to deceive the public, including members and prospective members of Plaintiff, into mistakenly believing that Defendants are Plaintiff, or that Defendants and their activities are authorized, endorsed, sponsored or approved by Plaintiff, or that Defendants and their activities originate with, are connected with, or are associated with Plaintiff.  Defendants' activities constitute infringement of Plaintiff's federally registered mark FIDELIS.

49.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

50.     By reason of the foregoing, Plaintiff is being damaged by Defendants' willful activities and will continue to be damaged unless Defendants are enjoined from the aforesaid acts.

51.     Plaintiff has no adequate remedy at law.

## COUNT II
### (Federal Unfair Competition under 15 U.S.C. §1125(a))

52.     Plaintiff repeats and realleges the averments contained in all preceding Paragraphs as if fully set forth herein.

53.     Count II is for federal unfair competition pursuant to 15 U.S.C. § 1125(a).

54.     Plaintiff used the name and mark FIDELIS well prior to Defendants' use of the telephone number 1-800-FIDELIS.

55.     The foregoing acts and conduct of Defendants have caused and are likely to cause confusion, to cause mistake, and/or to deceive the public, including members and prospective members of Plaintiff, into mistakenly believing that Defendants are Plaintiff, or that Defendants and their activities are authorized, endorsed, sponsored or approved by Plaintiff, or that

Defendants and their activities originate with, are connected with, or are associated with Plaintiff.

56.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

57.     By reason of the foregoing, Plaintiff is being damaged by Defendants' willful activities and will continue to be damaged unless Defendants are enjoined from the aforesaid acts.

58.     Plaintiff has no adequate remedy at law.

## COUNT III
### *(Trademark Infringement under New York Common Law)*

59.     Plaintiff repeats and realleges the averments contained in all preceding Paragraphs as if fully set forth herein.

60.     Count III is for Defendants' common law infringement of Plaintiff's rights due to Defendants' advertisement, promotion, offering for sale, and sale of products and services utilizing a mark, adopted after Plaintiff's longstanding use of its name and mark, which is identical or almost identical to the Plaintiff's name and mark in violation of New York's common law prohibiting infringement of trademarks. Plaintiff is the owner of all common law rights to the name and mark FIDELIS.

61.     Defendants' infringing activities have caused and are likely to cause confusion, mistake and deception among members of the trade and the consuming public as to the origin and quality of Defendants' products and services.

62.     Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

63.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

64.     By reason of the foregoing, Plaintiff is being damaged by Defendants' activities and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

65.     Plaintiff has no adequate remedy at law.

### COUNT IV
*(Unfair Competition under New York Common Law)*

66.     Plaintiff repeats and realleges the averments contained in all preceding Paragraphs as if fully set forth herein.

67.     Count IV is for Defendants' unfair competition against the Plaintiff based on their advertisement, promotion, sale, and/or offering for sale of products and services utilizing a phone number that incorporates a mark which is identical to Plaintiff's earlier name and mark in violation of New York's common law of unfair competition.

68.     By reason of the foregoing, Defendants are engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate Plaintiff's name and mark FIDELIS, and the goodwill and reputation associated therewith, in a manner which has deceived and confused and is likely to deceive and confuse the public into believing that Defendants and their products and services originate with or are those of Plaintiff or are sponsored by, endorsed by, or are otherwise associated with Plaintiff.

69.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

70.     By reason of the foregoing, Plaintiff is being damaged by Defendants' willful activities and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

71.     Plaintiff has no adequate remedy at law.

## COUNT V
*(Trademark Dilution under New York Statutory Law)*

72.     Plaintiff repeats and realleges the averments contained in all preceding Paragraphs as if fully set forth herein.

73.     Count V is for injury to the business reputation of Plaintiff's trade name and service mark and dilution of the distinctive quality of Plaintiff's trade name and service mark by Defendants in violation of Plaintiff's rights under the New York Anti-Dilution Statute, New York General Business Law, § 360-l.

74.     Plaintiff's name and mark FIDELIS is well-known and famous within the meaning of the New York Anti-Dilution Statute, New York General Business Law, § 360-l.

75.     By virtue of the aforesaid activities, Defendants have created a likelihood of injury to the business reputation of Plaintiff and likelihood that the distinctive quality of Plaintiff's trade name and service mark will be tarnished, blurred and diluted.

76.     By reason of all the foregoing, Defendants are in violation of Plaintiff's rights under the New York Anti-Dilution Statute, New York General Business Law, § 360-l.

77.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

78.     By reason of the foregoing, Plaintiff is being damaged by Defendants' willful activities and will continue to be damaged unless Defendants are enjoined from the aforesaid acts.

{04707/609184-000/01311359.1}

79.     Plaintiff has no adequate remedy at law.

## COUNT VI
*(Deceptive Acts and Practices and False Advertising under New York Statutory Law)*

80.     Plaintiff repeats and realleges the averments contained in all preceding Paragraphs as if fully set forth herein.

81.     Count VI is for Defendants' unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue and misleading advertising in violation of New York General Business Law § 349 (deceptive acts and practices) and § 350 (false advertising).

82.     The aforesaid acts of Defendants, namely Defendants' misrepresentation of the nature, characteristics, qualities, origin, and/or affiliation of their products and services, constitutes unlawful and deceptive acts and practices which result in a likelihood of confusion and deception of the public.

83.     Defendants have engaged in unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising in violation of New York General Business Law § 349.

84.     Such actions by Defendants also constitute false and misleading advertising in violation of New York General Business Law § 350.

85.     The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

86.     By reason of the foregoing, Plaintiff is being damaged by Defendants' willful activities and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

87.     Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i.      An Order permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned or partially owned entities of the party, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging in, offering, or providing services or goods in connection with any name, number or mark that is identical to or confusingly similar with Plaintiff's name and mark FIDELIS.

ii.     An Order permanently enjoining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned or partially owned entities of the party, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging in any acts of unfair competition and/or deceptive trade practices utilizing any name, number or mark that is identical to or confusingly similar with any Plaintiff's name and mark FIDELIS.

iii.    An Order directing Defendants to transfer their phone number 1-800-FIDELIS to Plaintiff.

iv.     An Order (a) requiring an accounting of Defendants' profits pursuant to Defendants' unlawful activities and (b) awarding all of said profits to Plaintiff as damages sustained by Plaintiff due to Defendants' acts complained of herein.

v.      An Order trebling the award of Defendants' profits and Plaintiff's damages in view of the reckless, willful, and intentional nature of Defendants' conduct.

vi.     Plaintiff to be awarded punitive damages.

vii.    Plaintiff to be awarded pre-judgment interest.

viii.   Plaintiff to be awarded its costs and reasonable attorneys' fees and costs associated with bringing this action.

ix.     Plaintiff to be awarded such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or services offered for sale, sold, advertised or promoted by Defendants are in any way authorized, endorsed, sponsored, or approved by Plaintiff.

x.      Plaintiff to be awarded such other and further relief as the Court may deem just and equitable under the circumstances herein.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable to a jury.

Dated:  May 8, 2015                          Respectfully submitted,
        White Plains, New York

                                             LEASON ELLIS LLP

                                        By:

                                             Peter S. Sloane
                                             Cameron S. Reuber
                                             Victoria T. Polidoro

                                             One Barker Avenue, Fifth Floor
                                             White Plains, New York 10601
                                             Phone: (914) 288-0022
                                             Fax: (914) 288-0023

                                             *Attorneys for Plaintiff*