UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE CATHOLIC HEALTH PLAN, INC., d/b/a FIDELIS CARE NEW YORK, *a New York not-for-profit corporation*,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED WORLD TRAVEL, INC., d/b/a HOLIDAY CRUISE LINE, *a Florida corporation*, INTERNATIONAL MARKETING ASSOCIATION, INC., *a Virginia corporation*, and LIFE PROTECT 24/7, INC., *a Virginia corporation*,<br><br>Defendants. | Civil Action No. 15-cv-2664 (FB) (VMS)<br><br><br><br>**ANSWER TO COMPLAINT** |

International Marketing Association, Inc. ("IMA") and Life Protect 24/7 ("Life Protect") (collectively, "Virginia Defendants") respond to the Complaint of Plaintiff New York State Catholic Health Plan, Inc. ("Plaintiff") filed on May 8, 2015. Virginia Defendants generally deny all allegations in the Complaint that it does not expressly admit in this Answer. Virginia Defendants further deny that they willfully or negligently violated any law, either individually or collectively with any other individual or entity.

In answering the Complaint, Virginia Defendants respond to the allegations only on behalf of themselves, even if the allegations pertain to alleged conduct by themselves and the other Defendant, Consolidated World Travel, Inc. ("CWT").

Virginia Defendants responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

## INTRODUCTION

Virginia Defendants admit that Plaintiff purports to bring a Complaint against Virginia Defendants and CWT.  Virginia Defendants deny any remaining allegations contained in Paragraph 1 of the Complaint.

## THE PARTIES

1. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore must deny the same.

2. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 2 of the Complaint, and therefore must deny the same.

3. The allegations set forth in Paragraph 3 of the Complaint are admitted.

4. The allegations set forth in Paragraph 4 of the Complaint are admitted.

## JURISDICTION

5. The allegations set forth in Paragraph 5 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

6. The allegations set forth in Paragraph 6 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

7. The allegations set forth in Paragraph 7 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

8. The allegations set forth in Paragraph 8 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

9. The allegations set forth in Paragraph 9 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

## FACTS COMMON TO ALL COUNTS

**Plaintiff's Activities**

10. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore must deny the same.

11. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore must deny the same.

12. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore must deny the same.

13. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore must deny the same.

14. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 14 of the Complaint, and therefore must deny the same.

15. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore must deny the same.

16. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore must deny the same.

17. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore must deny the same.

18. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore must deny the same.

19. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore must deny the same.

20. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore must deny the same.

21. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore must deny the same.

22. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore must deny the same.

23. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore must deny the same.

24. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore must deny the same.

25. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 25 of the Complaint, and therefore must deny the same.

26. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 26 of the Complaint, and therefore must deny the same.

27. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore must deny the same.

28. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore must deny the same.

29. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 29 of the Complaint, and therefore must deny the same.

**Defendants' Activities**

30. Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 30 of the Complaint, and therefore must deny the same.

31. The allegations set forth in Paragraph 31 of the Complaint are admitted.

32. The allegations set forth in Paragraph 32 of the Complaint are admitted.

33. The allegations set forth in Paragraph 33 of the Complaint are denied.

34. The allegations set forth in Paragraph 34 of the Complaint are denied.

35. The allegations set forth in Paragraph 35 of the Complaint are denied.

36. The allegations set forth in Paragraph 36 of the Complaint are denied.

37. The allegations set forth in Paragraph 37 of the Complaint are denied.

38. The allegations set forth in Paragraph 38 of the Complaint are denied.

39. The allegations set forth in Paragraph 39 of the Complaint are denied.

40. The allegations set forth in Paragraph 40 of the Complaint are denied.

41. The allegations set forth in Paragraph 41 of the Complaint are denied.

42. The allegations set forth in Paragraph 42 of the Complaint are denied.

43. The allegations set forth in Paragraph 43 of the Complaint are denied.

44. The allegations set forth in Paragraph 44 of the Complaint are denied.

## COUNT I
*(Federal Trademark Infringement under 15 U.S.C.§ 1114)*

45. Virginia Defendants hereby incorporate and reassert the foregoing responses to Plaintiff's allegations as if fully stated herein.

46. Virginia Defendants admit that Plaintiff purports to bring an action for federal trademark infringement pursuant to 15 U.S.C. § 1114. However, Virginia Defendants deny that they have violated 15 U.S.C. § 1114.

47. The allegations set forth in Paragraph 47 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. Virginia Defendants admit that the phone number 1-800-FIDELIS contains several of the same digits as the phone number 1-888-FIDELIS. Except as specifically stated, the allegations in Paragraph 47 are denied.

48. The allegations set forth in Paragraph 48 of the Complaint are denied.

49. The allegations set forth in Paragraph 49 of the Complaint are denied.

50. The allegations set forth in Paragraph 50 of the Complaint are denied.

51. The allegations set forth in Paragraph 51 of the Complaint are denied.

## COUNT II
*(Federal Unfair Competition under 15 U.S.C.§ 1125(a))*

52.     Virginia Defendants hereby incorporate and reassert the foregoing responses to Plaintiff's allegations as if fully stated herein.

53.     Virginia Defendants admit that Plaintiff purports to bring an action for federal unfair competition pursuant to 15 U.S.C. § 1125(a).  However, Virginia Defendants deny that they have violated 15 U.S.C. § 1125(a).

54.     Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 54 of the Complaint, and therefore must deny the same.

55.     The allegations set forth in Paragraph 55 of the Complaint are denied.

56.     The allegations set forth in Paragraph 56 of the Complaint are denied.

57.     The allegations set forth in Paragraph 57 of the Complaint are denied.

58.     The allegations set forth in Paragraph 58 of the Complaint are denied.

## COUNT III
*(Trademark Infringement under New York Common Law)*

59.     Virginia Defendants hereby incorporate and reassert the foregoing responses to Plaintiff's allegations as if fully stated herein.

60.     Virginia Defendants admit that Plaintiff purports to bring an action for common law infringement of Plaintiff's rights.  However, Virginia Defendants deny that they have infringed upon Plaintiff's rights.  Virginia Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations set forth in the last sentence of Paragraph 60 of the Complaint, and therefore must deny the same. Except as specifically stated, the allegations of Paragraph 60 of the Complaint are denied.

61.     The allegations set forth in Paragraph 62 of the Complaint are denied.

62. The allegations set forth in Paragraph 62 of the Complaint are denied.

63. The allegations set forth in Paragraph 63 of the Complaint are denied.

64. The allegations set forth in Paragraph 64 of the Complaint are denied.

65. The allegations set forth in Paragraph 65 of the Complaint are denied.

## COUNT IV
*(Unfair Competition under New York Common Law)*

66. Virginia Defendants hereby incorporate and reassert the foregoing responses to Plaintiff's allegations as if fully stated herein.

67. Virginia Defendants admit that Plaintiff purports to bring an action for common law unfair competition. However, Virginia Defendants deny that they have violated New York's common law of unfair competition. Except as specifically stated, the allegations of Paragraph 60 of the Complaint are denied.

68. The allegations set forth in Paragraph 68 of the Complaint are denied.

69. The allegations set forth in Paragraph 69 of the Complaint are denied.

70. The allegations set forth in Paragraph 70 of the Complaint are denied.

71. The allegations set forth in Paragraph 71 of the Complaint are denied.

## COUNT V
*(Trademark Dilution under New York Statutory Law)*

72. Virginia Defendants hereby incorporate and reassert the foregoing responses to Plaintiff's allegations as if fully stated herein.

73. Virginia Defendants admit that Plaintiff purports to bring an action for violation of the New York Anti-Dilution Statute, New York General Business Law, § 360-1. However, Virginia Defendants deny that they have violated the New York Anti-Dilution Statute, New York General Business Law, § 360-1. Except as specifically stated, the allegations of Paragraph 73 of the Complaint are denied.

74. The allegations set forth in Paragraph 74 of the Complaint are denied.

75. The allegations set forth in Paragraph 75 of the Complaint are denied.

76. The allegations set forth in Paragraph 76 of the Complaint are denied.

77. The allegations set forth in Paragraph 77 of the Complaint are denied.

78. The allegations set forth in Paragraph 78 of the Complaint are denied.

79. The allegations set forth in Paragraph 79 of the Complaint are denied.

## COUNT VI
*(Deceptive Acts and Practices and False Advertising under New York Statutory Law)*

80. Virginia Defendants hereby incorporate and reassert the foregoing responses to Plaintiff's allegations as if fully stated herein.

81. Virginia Defendants admit that Plaintiff purports to bring an action for violation of New York General Business Law §§ 349, 350. However, Virginia Defendants deny that they have violated New York General Business Law §§ 349, 350. Except as specifically stated, the allegations of Paragraph 81 of the Complaint are denied.

82. The allegations set forth in Paragraph 82 of the Complaint are denied.

83. The allegations set forth in Paragraph 83 of the Complaint are denied.

84. The allegations set forth in Paragraph 84 of the Complaint are denied.

85. The allegations set forth in Paragraph 85 of the Complaint are denied.

86. The allegations set forth in Paragraph 86 of the Complaint are denied.

87. The allegations set forth in Paragraph 87 of the Complaint are denied.

## PRAYER FOR RELIEF

88. Virginia Defendants deny that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" section of the Complaint, immediately following Paragraph 87 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. All of Plaintiff's claims in the Complaint fail to state a plausible claim against Virginia Defendants upon which relief may be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 667-69 (2009).

2. This Court lacks personal jurisdiction over Virginia Defendants.

3. Venue is improper in this Court.

4. Plaintiff's claims may be barred in whole or in part by the applicable statute(s) of limitation and/or the doctrine of laches.

5. Virginia Defendants aver that, at all times relevant hereto, they conducted themselves in conformity with the applicable laws, regulations, and common law.

6. Virginia Defendants have not infringed Plaintiff's trademarks under 15 U.S.C. § 1114 or New York common law.

7. Virginia Defendants have not engaged in unfair competition, false representations, or false advertising under 15 U.S.C. § 1125(a) or New York common law or state statute.

8. Virginia Defendants' conduct has not diluted Plaintiff's marks under the Lanham Act or New York law.

9. Virginia Defendants have not engaged in deceptive acts and practices under New York statutory law.

10. Virginia Defendants' conduct has not caused, and does not cause, a likelihood of confusion with Plaintiffs' use of its mark.

11. Virginia Defendants aver that, at all times relevant hereto, they acted reasonably and prudently under the circumstances.

12. Virginia Defendants aver that, at all times relevant hereto, they conducted themselves in good faith.

13. Plaintiff has not demonstrated and cannot demonstrate any actual pecuniary loss or damage as a result of Virginia Defendants' activities.

14. The damages for which Plaintiff claims Virginia Defendants are responsible, to the extent that any exist, were caused or contributed to by persons or entities other than Virginia Defendants, for whom Virginia Defendants are not responsible, and on behalf of whom Virginia Defendants are not liable.

15. If Plaintiff suffered any damages, such damages were the result of intervening or superseding events, acts, or omissions of other parties over which Virginia Defendants had no control and for which they cannot be held liable to Plaintiff.

16. Plaintiff cannot recover any actual damages because it cannot demonstrate that its purported damages were caused by Virginia Defendants and that consumers were actually confused or deceived as a result of Virginia Defendants' conduct.

17. Virginia Defendants' conduct as a matter of law does not support an accounting or discretionary award of Virginia Defendants' profits in this case.

18. Plaintiff has not shown and cannot show that a balance of any of the traditional equities (*e.g.*, a likelihood of success, irreparable harm, an inadequate remedy at law, balancing of the harms, or public interest) favor an injunction in its favor.

19. Virginia Defendants reserve the right to amend or assert additional defenses (affirmative and otherwise) as this action progresses.

Dated: July 31, 2015

Respectfully submitted,

**TROUTMAN SANDERS LLP**

*/s/ Amanda L. Genovese*
    Amanda L. Genovese
875 Third Avenue
New York, New York 10022
Tel:  (212) 704-6000
 amanda.genovese@troutmansanders.com

*Counsel for Defendants International Marketing Association, Inc. and Life Protect 24/7, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on the 31st day of July, 2015, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

>Peter S. Sloane
>Cameron S. Reuber
>Victoria T. Polidoro
>One Barker Avenue, Fifth Floor
>White Plains, New York 10601
>Phone: (914) 288-0022
>Fax: (914) 288-0023
>
>*Counsel for Plaintiff*

*/s/ Amanda L. Genovese*
Amanda L. Genovese
