

From the desk of:
Jeffrey A. Backman, Esq.
200 East Broward Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Phone: 954.764.6660
Fax: 954.764.4996
Direct Phone: 954.734.1853
Direct Fax: 954.213.0140
Email: jeffrey.backman@gmlaw.com

888-491-1120
www.gmlaw.com

July 31, 2015

**VIA CM/ECF**
Senior District Judge Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Defendant Consolidated World Travel, Inc.'s Letter Application for Pre-Motion Conference on Anticipated Motion to Dismiss under Fed.R.Civ.P 12(b)(6)
*New York State Catholic Health Plan, Inc. v. Consolidated World Travel, Inc., et. al*, Case No.: 1:15-cv-02664-FB-VMS

Dear Judge Block:

    In accordance with this Court's Individual Motion Practices, Defendant Consolidated World Travel, Inc. ("CWT") seeks a pre-motion conference as a condition precedent to filing a Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

**Background:** Plaintiff New York State Catholic Health Plan, Inc., d/b/a Fidelis Care New York ("Plaintiff") filed its Complaint on May 8, 2015, asserting six causes of action for alleged trademark infringement and dilution, unfair competition, and deceptive acts and practices under federal and New York law.  Plaintiff's claims are asserted collectively against CWT, a Florida corporation, and Defendants International Marketing Association, Inc. and Life Protect 24/7, Inc., both alleged to be Virginia corporations.  The gist of Plaintiff's claims is that Defendants (all of them apparently) acquired the telephone number "1-888-Fidelis" for the purpose of intercepting misdialed calls to Plaintiff's vanity number "1-800-Fidelis" and selling their "goods and services" to Fidelis' customers.  Plaintiff alleges that use of this telephone number infringes on its trademark in the name "Fidelis," giving rise to its causes of action.

**Basis for Anticipated Motion to Dismiss:**  CWT submits that dismissal of the Complaint is warranted because: (1) Plaintiff has not alleged actionable misconduct by CWT for claims based upon an alleged acquisition of a similar vanity telephone number; (2) Plaintiff has asserted claims against an undifferentiated group of defendants based entirely upon speculation; and (3) Plaintiff fails to allege sufficient facts to support the elements of its causes of action

(1)    Telephone numbers may be protected as trademarks, and a competitor's use of a confusingly similar telephone number may be enjoined as trademark infringement and unfair competition only when the competitor promotes a similar vanity number to exploit the trademark

and confuse consumers.[1] However, ownership of trademark rights in a vanity number does not give rise to a claim of trademark in similar or complementary numbers.[2] Further, mere acquisition of a complementary vanity number to capture misdialed calls, as Plaintiff has alleged here, is insufficient as a matter of law to establish unlawful infringement of a trademark.[3] In *Holiday Inns*, the defendant acknowledged that it intentionally chose the toll-free number "1-800-H[zero]LIDAY" for the sole purpose of intercepting misdialed calls from customers trying to reach Holiday Inns, thereby reaping the benefits of Holiday Inns' marketing efforts, so the defendant could offer a competing reservation service for other hotels.[4] These acts, however, did not constitute trademark infringement because the defendant never advertised the telephone number other than in numeric form and therefore never used Holiday Inns' trademark or any facsimile thereof.[5] Courts in the Second Circuit have concurred with the holding in *Holiday Inn*:

> This Court agrees with the Sixth Circuit to the extent that merely placing into operation a toll-free telephone number, without active promotion or advertising of the corresponding mnemomic, does not constitute infringement under § 32(1) of the Lanham Act because such activity does not involve the use of a "reproduction, counterfeit, copy, or colorable imitation of a *registered mark*."[6]

Plaintiff has failed to make the requisite allegation that any Defendant, let alone CWT, actively promoted the similar vanity number using the "Fidelis" name as part of the alleged misdial campaign to support a claim of trademark infringement, or that any Defendant used the number to compete (unfairly or otherwise) with Plaintiff. As such, Plaintiff has failed to allege actionable misconduct to support its two Lanham Act claims or its pendent state law claims.

(2) Plaintiff's Complaint must also be dismissed for failure to plead sufficient facts to support a plausible cause of action against CWT.[7] A viable complaint must include "enough facts to state a claim to relief that is plausible on its face," and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[8] The entirety of Plaintiff's factual

---

[1] *Dial-A-Mattress Franchise Corp. v. Page*, 880 F.2d 675, 678 (2d Cir. 1989).
[2] *U-Haul Intl., Inc. v. Kresch*, 943 F. Supp. 802, 807 (E.D. Mich. 1996) (trademark claim based upon a defendant's use of complementary number is legally insufficient).
[3] *Holiday Inns, Inc. v. 800 Reservation, Inc.*, 86 F.3d 619, 625-626 (6th Cir. 1996) (holding that the defendant's alleged acquisition of a deceptively similar vanity number to the plaintiff's vanity number, in which the plaintiff held trademark rights, for purpose of capturing misdialed calls, cannot establish a trademark violation when the defendant neither used the offending mark nor created the confusion, which "already existed among the misdialing public").
[4] *Id.*, at 620-621.
[5] *Id.*, at 623-625.
[6] *Cline v. 1-888-Plumbing Group, Inc.*, 146 F. Supp. 2d 351, 370 (S.D. N.Y. 2001).
[7] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)
[8] *Id.* at 1965; *Goldstein v. Pataki,* 2008 WL 269100, at *4 (2d Cir. Feb. 1, 2008).

Senior District Judge Frederic Block
July 31, 2015
Page No. 3

allegations against CWT are based upon "information and belief."[9] Moreover, Plaintiff improperly lumps three defendants together in each claim, providing CWT no factual basis to distinguish its conduct.[10] Plaintiff's Complaint merely sets forth, in a conclusory fashion, that an undifferentiated group of defendants are liable for six causes of action based completely upon speculation, which falls woefully short of alleging plausible claims for relief.

(3) The Complaint further fails to allege sufficient facts to support the elements of its claims. Plaintiff alleges only that Defendants' (all of them) phone number is "almost identical" to Plaintiff's number, making it likely to induce members of Plaintiff into "mistakenly believing that Defendants are Plaintiff…or are associated with Plaintiff."[11] Such general allegations, devoid of any factual detail, are insufficient to state a claim for relief.[12] Plaintiff's trademark claims under New York law are similarly deficient.[13] Plaintiff's claim for alleged deceptive practices is also legally insufficient, as New York's consumer protection statute is inapplicable to disputes between businesses over intellectual property rights, including trademark disputes.[14]

CWT respectfully requests a pre-motion conference with the Court to discuss its anticipated motion to dismiss and/or the opportunity to fully brief the issues raised herein by filing a motion to dismiss and supporting memorandum of law.

Sincerely,

GREENSPOON MARDER, P.A.

*Jeffrey A. Backman*

Jeffrey A. Backman, Esq.
For the Firm

cc:   All counsel of record *(via CM/ECF)*

---

[9] Compl., at ¶¶30-42 (allegations of "Defendants' Activities" based "[u]pon information and belief"); *See Aktieselskabet v. Fame Jeans,* 511 F. Supp. 2d 1, 18-19 (D. D.C. 2007) (finding allegations "on information and belief" are insufficient to state a claim under the *Bell Atlantic* standard).

[10] *See Atuahene v. Hartford*, 10 Fed. Appx. 33, 33 (2d Cir. 2001) (affirming dismissal of complaint that lumped defendants together in each claim and failed to differentiate among them); *Southerland v. N.Y.C,. Housing Auth.*, 2010 WL 4916935 * 2-3 (E.D. N.Y. Nov. 23, 2010) (dismissing complaint that lumped all defendant together and failed to inform them of nature of the claim asserted).

[11] Compl., at ¶¶ 47-48.

[12] *See Ahmed v. GEO USA LLC*, No. 14-CV-7486 JMF, 2015 WL 1408895, at *3 (S.D.N.Y. Mar. 27, 2015); *Volvo North Am. Corp. v. Men's Int'l Prof. Tennis Council,* 687 F. Supp. 800, 813 (S.D.N.Y.1988) (conclusory allegations that confusion is likely to occur are insufficient to state a claim).

[13] *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.,* 220 F. Supp. 2d 289, 297–98 (S.D.N.Y.2002) (standard under New York trademark law essentially the same as under the Lanham Act).

[14] *See i.e. DePinto v. Ashley Scott, Inc.,* 222 A.D.2d 288, 635 N.Y.S.2d 215, 217 (1995); *Boarding Sch. Rev., LLC v. Delta Career educ. Corp.*, 2013 WL 6670584 *6 (March 29,2013 S.D. N.Y.) (quoting *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)).