# LEASON ELLIS

One Barker Avenue, Fifth Floor
White Plains, New York 10601
t. 914.821.3075
f. 914.288.0023

August 7, 2015

Cameron S. Reuber
Senior Associate
Reuber@LeasonEllis.com

**VIA ECF**

Senior District Judge Frederick Block
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, New York 11201

Re:   *New York State Catholic Health Plan, Inc. v. Consolidated World Travel, Inc. et al.*
      Case No. 1:15-cv-02664-FB-VMS

Dear Judge Block:

This firm represents the plaintiff New York State Catholic Health Plan, Inc., d/b/a Fidelis Care New York ("Plaintiff") in the above-referenced civil action. We write in response to Defendant Consolidated World Travel's ("CWT") letter of July 31, 2015, submitted by its counsel, Jeffrey Backman, Esq., requesting a pre-motion conference in advance of filing a motion to dismiss. Plaintiff, for the below-stated reasons, disagrees with CWT's contentions.

## I.     Procedural Background

Plaintiff filed a Complaint on May 8, 2015 alleging, *inter alia*, that Defendants Consolidated World Travel, Inc. d/b/a Holiday Cruise Line, International Marketing Association, Inc. and Life Protect 24/7, Inc. (collectively, "Defendants") infringed Plaintiff's registered trademark FIDELIS. Plaintiff has been in communication with Defendants regarding settlement and consented to an adjournment for their time to Answer to July 31, 2015. All Defendants, except CWT, timely answered on July 31, 2015. Dkt. 13. CWT now seeks the instant pre-motion conference to file a motion to dismiss.

## II.    Factual Background

CWT misrepresents the facts of record in its letter of July 31st. The pertinent facts which are pled in the Complaint[1] are as follows. Plaintiff, a New York not-for-profit corporation, provides free or low-cost quality health insurance to its members, most of whom are poor, primarily through government based programs such as Medicaid and Medicare. Dkt. 1 at ¶¶10-15. Plaintiff uses the toll-free telephone number 1-888-FIDELIS, which encompasses the entirety of its registered trademark, in connection with its administration of health insurance plans. *Id.* at ¶¶18-20, 25. Plaintiff's phone number thus also serves as a source identifier for its services.

Defendants offer products and services through the use of a phone number that also encompasses the entirety of Plaintiff's registered trademark. *Id*. at ¶34. All three Defendants are reachable through the phone number at issue, 1-800-FIDELIS. *Id*. Plaintiff possesses evidence that members of its health insurance plans fell victim to this scheme, and has pled "[u]pon

---

[1] Plaintiff's Complaint, filed on May 8, 2015 and assigned ECF Doc. No. 1, is hereinafter referred to as "Dkt. 1."

Letter to Judge Block re Civil Case No. 15-cv-02664-FB-VMS
August 7, 2015
Page 2

information and belief, Defendants have contacted consumers, including Fidelis members, and prompted them to call Defendants' phone number 1-800-FIDELIS with the lure of a free gift card, cruise, medical life alert or other benefit." *Id*. at ¶36. Once the caller is in touch with Defendants' representatives, personal information is sought from the caller and products and/or services are offered to the caller. *Id*. at ¶37.

### III. All Three of CWT's Stated Bases for Dismissal Are Demonstrably Meritless

*First*, CWT asserts that dismissal of the Complaint is warranted because an assertion of actionable conduct is lacking from Plaintiff's pleading. However, where "the allegations in the Complaint give defendants 'fair notice of what the claim is and the grounds upon which it rests,'" this District has denied a motion to dismiss. *Trustees of Empire State Carpenters Annuity, Apprenticeship v. Syracuse Floor System, Inc.*, 2013 WL 7390601 at *6 (E.D.N.Y. 2013) (*citing Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Here, fair notice has been provided as demonstrated by the fact that the other two named defendants in this action each understood the allegations within the Complaint and timely filed their Answer. Indeed, the claim is also valid on its face as it is well-settled (and conceded by CWT) that telephone numbers may be protected as trademarks and use of an infringing number may be enjoined. *Dial-A-Mattress Franchise Corp. v. Page*, 880 F. 2d 675 (2d Cir. 1989)(preliminary injunction affirmed, preventing defendant from using the phone number 1-800-MATTRESS (1-800-628-8727) where Plaintiff used the slogan DIAL-A-MATTRESS, along with varying New York zip codes preceding the numeric seven digits for MATTRESS (628-8727); *American Airlines, Inc. v. A 1-800-A-M-E-R-I-C-A-N Corp.*, 622 F. Supp. 673 (N.D. Ill. 1985)(granting preliminary injunction against travel reservation service which had advertised its "1–800–A-M-E-R-I-C-A-N" phone service under "airline companies" in telephone directory yellow pages). CWT's reliance on *Holiday Inns, Inc. v. 800 Reservation* to demonstrate an absence of grounds is misplaced because that case involved the trafficking of *misdialed* calls. This case does not. Rather, this case involves the active solicitation of Plaintiff's members by Defendants through the use of Plaintiff's registered trademark contained within Defendants' phone number.

*Second*, CWT asserts that the Complaint should be dismissed because the facts alleged do not support the elements of the claims asserted. As the Court is well-aware, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, a district court must "accept[ ] all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." *Loles Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir.2014)(*quoting Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir.2010)). Under Federal Rule of Civil Procedure 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (alteration in original) (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955); *see also Lefkowitz v. John Wiley & Sons, Inc.*, No. 13–CV–6414, 2014 WL 2619815, at *7 (S.D.N.Y. June 2, 2014) (same). Here, Plaintiff specifically pleaded ownership of the trademark FIDELIS, and further specifically pleaded facts alleging that Defendants have contacted consumers,

{04707/609184-000/01354668.1}

Letter to Judge Block re Civil Case No. 15-cv-02664-FB-VMS
August 7, 2015
Page 3

including Plaintiff's membership, and prompted them to call *Defendants'* phone number 1-800-FIDELIS (*not* Plaintiff's 1-888-FIDELIS number) with the lure of a free gift card, cruise, medical life alert or other benefit. *Dkt*. 1 at ¶ 36. Such conduct, on its face, if proved, states a claim to relief that is plausible on its face as the practice necessarily creates consumer confusion as to the source of goods and services offered under Plaintiff's registered mark FIDELIS.

*Third*, CWT asserts that the Complaint should be dismissed because some of the allegations therein concerning CWT are based "upon information and belief." CWT further claims that the Complaint fails to provide CWT with a factual basis to distinguish its conduct from the other Defendants. As such, CWT's contentions are meritless. The plausibility standard, discussed *supra,* "does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citation and internal quotation marks omitted); *see also Lefkowitz*, 2014 WL 2619815, at *9 (explaining that "[i]t is ... of no moment that many of [the] [p]laintiff's allegations are predicated 'upon information and belief'" because "[p]refacing allegations with this standard pleading qualification does not eviscerate the sufficiency of a complaint"). Read as a whole, Plaintiff's Complaint gives CWT "fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93, 127 S.Ct. 2197; *see also Cohn v. KeySpan*, 713 F.Supp.2d 143, 159 (E.D.N.Y.2010)(holding that "read as a whole, the complaint provides the ... defendants with fair notice of what [the] plaintiff's claim ... is and the grounds upon which that claim rests"). The Complaint identifies (i) specific conduct, (ii) the specific actors believed to be engaging in such conduct, and (iii) the legal bases upon which the Court can determine such conduct to be unlawful. The Federal Rules do not require more.

*Wherefore*, the undersigned respectfully contends that the motion practice proposed by Mr. Backman would be meritless if filed and thereby constitutes a waste of party and judicial resources.

> Respectfully submitted,
>
> Cameron S. Reuber

cc:   All Counsel of Record (via CM/ECF)

{04707/609184-000/01354668.1}